CASE 34—PETITION EQUITY—FEBRUARY 3.

## Eifert v. Town of Central Covington, &c.

APPEAL FROM KENTON CHANCERY COURT.

LIABILITY OF AGRICULTURAL LANDS TO MUNICIPAL TAXATION.—The mere fact that land included in the corporate limits of a town is used exclusively for gardening purposes is not sufficient to exempt it from taxation by the town for general purposes. If the owner is afforded substantially all the advantages that the corporation affords to others, he should bear his part of the burden; and the fact that the owner

voted for and assisted in making his land a part of the town is a circumstance to be considered in determining whether the land is liable to taxation for municipal purposes.

W. A. BYRNE FOR APPELLANT.

1. As there is no testimony tending to show that appellant's land is benefited in any manner by the incorporation, it can not be subjected to municipal taxation. (Covington v. Southgate, 15 B. M., 498; Courtney v. Louisville, 12 Bush, 420.)

2. Appellant's conduct in office or his vote could only be meant to affect any property of his which the *law* rendered taxable.

O'HARA & BRYAN ON SAME SIDE.

Brief not in record.

ORLANDO P. SCHMIDT FOR APPELLEES.

Agricultural lands included within the corporate limits of a town are exempt from municipal taxation only in cases where they have been thus included against or without the consent of the owner. Where the owner, as in this case, has voted in favor of incorporating as a town a boundary including his land, he can not claim that his land shall be exempt from municipal taxation. (Cheaney v. Hooser, 9 B. M., 330; City of Covington v. Southgate, 15 B. M., 494; Sharp's Ex'r v. Dunavan, 17 B. M., 227; Mathis v. Shields, 2 Met., 554; Dillon on Mun. Corp., sec. 795.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant enjoined the appellee from collecting municipal taxes for the year 1888, upon the ground that his land was used exclusively for agricultural purposes, and derived no benefit from the municipal government.

The town of Central Covington was incorporated in 1880. It lies adjoining the city of Covington. The original charter provided that its citizens should be exempt from working the county roads; that its trustees might levy a two-dollar tax upon each one so exempted, and also a tax of six cents on each one hundred dollars in value of property in lieu of the

county road tax, all of the money so raised to be applied in repairing and improving the streets and paying the expenses of the town. The charter was not to take effect until it should be submitted to the voters of the proposed town, and adopted by a majority of those voting at the election. This was done, the appellant not only voting for, but, as the testimony tends to show, advocating its adoption. The land now claimed as exempt from municipal tax, and upon which the appellant resides, was within the limits of the territory thus incorporated. By an amendment to the charter, procured in 1886, the trustees were authorized, in lieu of the former tax, to levy a capitation tax of two dollars, or in lieu thereof two days' work, to be applied in improving the streets, and also an *ad valorem* tax of twenty-five cents on each one hundred dollars' worth of property. A second amendment, procured in 1888, provided, in lieu of former taxation, an *ad valorem* tax of not over one dollar upon each one hundred dollars in value of property, to be used for general purposes. Relief was thus given from working on the county roads, and from the payment of the street tax or labor in lieu of it.

The thickly settled portion of the town is upon the eastern side of its territory, or next to the city of Covington, while the appellant's land is upon the western limit. It is, however, a growing place, and is gradually extending as to buildings toward the appellant's land. It consists of a considerable number of lots, laid out in divisions and subdivisions, one lot not being divided by fence from

another, but all lying within one inclosure, and used for gardening purposes. The town plat shows the numbers of the lots, and also the streets, which are, however, yet to be improved through the land. The appellant has sold and conveyed some of these lots, designating them in the conveyances by their num· bers, and calling for the unimproved streets. A turnpike formerly ran along upon one side of the land; and while not definitely shown by any drawing in the record, yet Willow street appears, according to the testimony, to run first upon one side and then upon the other of it; but this street, if graded or paved at all, is not so as far out as the appellant's land. He, having access to the turnpike, included Willow street within his inclosure. The town does not appear to have begun to grade and improve its streets much until 1888. It appears, however, that it has built and kept in repair one or more bridges near appellant's land for the purpose of travel to the main part of the town, and to the city of Covington just beyond. It has also, under some arrangement with the turnpike company, taken control of and keeps in repair the turnpike to or near the town limit; but in some way not clearly shown by the record some toll is yet exacted in passing over it from the appellant's land toward the centre of the town, but the company has no right to charge for as great a distance as formerly. The town has also constructed a board walk along the side of the turnpike, which extends to the appellant's gate, or at least to his land.

The complaint in the petition is that the land derives no benefit from the municipality; that no gas

or other lights, or water or police protection is fur-
nished, and that indeed there is no need of them.
The evidence shows, however, that the place is but
a small town.   It furnishes no water to any of its
inhabitants; it does no street lighting, and has only
a town marshal, and no police.

The appellant derives all the advantages from the
incorporation that any of its citizens do.   Clearly he
has thereby been furnished with better roads or streets
to enable him to carry his produce to market; and
the evidence tends to show that he has been benefited
as much or more than any other inhabitant of the
town by the imposition of the taxes, as they have
been mainly expended in the improvement of the
streets, which are being graded or improved at or
near his property.

This is not a case where the Legislature, without
the consent of the owner, has extended town limits
so as to include agricultural lands for no other rea-
son but municipal taxation, the owner receiving none
of the benefits enjoyed by the inhabitants of the orig-
inal town, as was the case in the City of Covington
v. Southgate, 15 B. 'M., 491, and in some other cases
decided by this court.   Here the complaining party
has deliberately voted for and assisted in making his
land a part of the original town.   We do not mean
to decide that this fact in and of itself would render
it liable for the tax, but it is certainly one circum-
stance to be considered.   Nor do we mean to hold
that all land within even an original incorporation is
liable for municipal tax; but in this instance, while
the appellant's land is used for gardening purposes,

yet it is platted into town lots, which divisions he has recognized in sales of portions of it. He is afforded substantially all the advantages that the incorporation affords to any one in the way of improved streets and increased facilities for travel, by which his property is constantly becoming more valuable; it is essentially *town* and not *farm* property; and under all the existing circumstances he should not profit by these advantages, and escape the burthens which the other property-owners of the town are compelled to bear, and which will of course be the greater if he is not made to contribute his proper proportion. This he seems to have done willingly during all the previous years since the incorporation. He should be subject to the burthens because he has an interest in the purposes for which it is imposed, and the advantages accruing to him therefrom are a just compensation for the exaction. If he derived no advantages whatever from the existence of the town, and his lands were so situated as to afford no ground for municipal control, then he might say that his property was, under the color of taxation, being taken for public use without compensation; but such a case is not, in our opinion, presented.

Judgment affirmed.