CASE 2.—PETITION EQUITY—MARCH 4.

# Benedictine Order of Covington v. Town of Central Covington.

### APPEAL FROM KENTON CIRCUIT COURT.

1. MUNICIPAL TAXATION OF FARMING LANDS.—Ordinarily farming lands which are added to a town by extension of its boundaries, for the purpose of increasing the taxable property and adding to the coffers of the town treasury, can not be made subject to such local taxation. But where the owner of such property was active in having the town laid off and incorporated so as to include his said farming lands, and his property was enhanced in value thereby, it is subject to municipal taxation.

WM. A. BYRNE FOR APPELLANT.

1. Where a property owner has voted for a town charter making his

farming lands a part of the town, this act alone will not make his said property subject to municipal taxation.   (Eifert v. Town of Central Covington, 15 S. W. Rep., page 180.)   And that being true, the mere signing of a vague and uncertain petition, by one in charge of the land, would not be such an act as would make it subject to such taxation.

2. In a suit to recover taxes paid through mistake, the ten year statute of limitation applies.   (Gen. Stats., sec. 6, art. 3, chap. 71; City of Louisville v. Anderson, 79 Ky., 335.)

ORLANDO P. SCHMIDT FOR APPELLEE.

1. The appellant stands in the attitude of one of the originators of the town, having had its lands included within the boundaries of the town, and petitioned the Legislature to so incorporate it.   In such a case the lands are subject to local taxation.   (Eifert v. Town of Central Covington, 91 Ky., 195.)

2. Where the constitutional validity of an act incorporating a town is established, all the property embraced within its limits must contribute equally to its revenues, no matter for what purpose the lands may be used.   (Maltus v. Shields, 2 Met., 554.)

CHIEF-JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

·The Benedictine Brothers at Monte Casino are resisting the collection of taxes due the town of Central Covington for some four or five years, and are also seeking to recover back the taxes paid prior to the year 1889, on the ground that the payment was made under protest or in entire ignorance of their legal rights.

These brothers own a tract of land containing about seventy-six acres, a part of which land (11 acres), including the monastery building, wine cellars, etc., are included within the corporate limits of the town.   This land, it is claimed, is used principally for farming purposes, and derives but little benefit from the corporation.

The town is a small place, has no fire protection or waterworks and no police force except, perhaps, a town marshal.

Central Covington is a town of the sixth class, and neither

its population nor wealth would justify a taxation for such conveniences as are incidental to cities of the first and second class.   Still this injunction should have been granted if the territory belonging to the brothers had been added to the town merely for the purpose of increasing the taxation and adding to the coffers of the town treasury, for it is essentially farming land and could not, ordinarily, be embraced within town limits and made subject to its local taxes.   It appears, however, that this order, through its chief officer at this monastery, was active in having this town laid off and incorporated, and signed two or more petitions to the legislature defining the boundary of the town and asking that it be incorporated; and after the passage of the act, listed the property of the order for taxation for a number of years, from the year 1881 to the year 1888, and paid the taxes.     The taxes are not exorbitant or oppressive, and the improvement of the little town has, no doubt, added to the value of appellant's property, and it is now too late, after the lapse of years, and when those in charge of the lands were active in having the act of incorporation passed, to complain of the taxation, and, by refusing to pay the taxes, leave to those who united in obtaining the charter the duty of bearing the entire burden.   This is not an extension of boundary by legislative enactment, as in the case of Southgate v. City of Covington, 15 B. M., 491, so as the property might be subjected to municipal taxation without the corresponding benefits.    The case of Cheaney v. Hoover, 9 B. M., 330, was a case where the town, without the consent of the owner of the land, imposed the taxation without the benefit following the burden.   And, in all this class of cases, this court has held the act or acts adding to a pre-existing mu-

nicipality farming land for the purposes of revenue were unconstitutional.

In this case the lands within a certain boundary, embracing the land of the appellant, constitute the original town, and its land brought into the town limits by the consent and aid of the appellant in procuring the charter. Other land was included within the boundary, belonging to different parties, and was, at the time, pasture land. This land has been laid off into town lots and many of them sold; and the appellant, deeming it unwise, or not desiring to convert its land into town lots, should not be allowed to resist the payment of taxes, as it stands upon perfect equality with all other incorporators or owners of land within the boundary as to such rights and privileges.

The case of Eifert v. The Town of Central Covington, 91 Ky., 194, is analogous to this case. There the owner voted for and assisted in placing his lands within the town limits, and it was held he was liable for the tax.

Here the right to tax attached the moment the town was incorporated, and the owner of the land can not, by refusing to lay off the territory into town lots escape taxation on the plea that it is farming land.

The testimony is plain that this corporation, or its property located at Monte Casino, was controlled by a superior or business manager during the whole period these taxes were paid. He represented the order, and his acts bind it with reference to the matter in controversy.

Judgment affirmed.